IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

        Plaintiff,                No. CIV S-06-1447 LKK GGH P

    vs.

SHASTA COUNTY PROBATION, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.33 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17           A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22   a complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   \\\\\

1    In this action, plaintiff challenges his criminal conviction.  As legal claims he

2  alleges excessive fines, ineffective assistance of counsel, violation of double jeopardy and

3  racially biased grand jury.  Plaintiff also alleges a claim for denial of parole suitability.  The court

4  does not understand this claim because according to the allegations, plaintiff has not yet had a

5  parole suitability hearing.  In any event, as relief plaintiff seeks the reversal of his conviction and

6  money damages.

7    In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state

8  prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county

9  officials violated his constitutional rights, he sought damages for improprieties in the

10  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

11  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

12  charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

13  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

14  complaint and held that:

15            in order to recover damages for allegedly unconstitutional
              conviction or imprisonment, or for other harm caused by actions
16            whose unlawfulness would render a conviction or sentence invalid,
              a § 1983 plaintiff must prove that the conviction or sentence has
17            been reversed on direct appeal, expunged by executive order,
              declared invalid by a state tribunal authorized to make such
18            determination, or called into question by a federal court's issuance
              of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
19            bearing that relationship to a conviction or sentence that has not
              been so invalidated is not cognizable under 1983.

20

21  Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

22  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

23  conviction or sentence has been invalidated, expunged or reversed.  Id.

24            Plaintiff's request for damages is barred pursuant to Heck because his conviction

25  has not been invalidated, expunged or reversed.

26  /////

1    As for plaintiff's request for reversal of his conviction, the court cannot order this

2 relief in a civil rights action.  Plaintiff must file a petition for writ of habeas corpus pursuant to

3 28 U.S.C. § 2254 if he wishes to challenge the legality of his conviction.

4    Although it is unlikely that plaintiff can cure the pleading defects discussed above,

5 the court will grant him one opportunity to file an amended complaint.

6    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

8 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

9 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

10 there is some affirmative link or connection between a defendant's actions and the claimed

11 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

12 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

13 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

17 amended complaint be complete in itself without reference to any prior pleading.  This is

18 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

19 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21 original complaint, each claim and the involvement of each defendant must be sufficiently

22 alleged.

23    In accordance with the above, IT IS HEREBY ORDERED that:

24    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26 Plaintiff is assessed an initial partial filing fee of $2.33.  All fees shall be collected and paid in

4

1 | accordance with this court's order to the Director of the California Department of Corrections
2 | and Rehabilitation filed concurrently herewith.
3 |         3.  The complaint is dismissed for the reasons discussed above, with leave to file
4 | an amended complaint within thirty days from the date of service of this order.  Failure to file an
5 | amended complaint will result in a recommendation that the action be dismissed.
6 | DATED: 2/13/07
7 |                                          /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

arm1447.b