IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

    Plaintiff,                      No. CIV S-06-1447 LKK GGH P

    vs.

SHASTA COUNTY PROBATION, et al.,

    Defendants.                    ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 14, 2007, the court dismissed the complaint with leave to amend. On March 14, 2007, plaintiff filed a habeas corpus petition. On May 4, 2007, plaintiff filed an amended complaint. The court will screen the amended complaint.

        Plaintiff alleges that prison officials at High Desert State Prison are improperly withdrawing money from his trust account to pay his restitution in connection with his criminal conviction. Plaintiff contends that because the victim did not file an application for restitution, prison officials should not be withdrawing the money. Plaintiff seeks injunctive relief in connection with this claim. Although the ultimate efficacy of the claim is in great doubt, the court finds that plaintiff has stated a colorable claim for relief against defendant Trust Office Supervisor Keating.

1

1   Plaintiff next claims that he has been verbally harassed by defendant Kirkland.
2   Verbal harassment or abuse fails to state a cognizable claim under section 1983. <u>Oltarzewski v.</u>
3   <u>Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, the claims against defendant
4   Kirkland are dismissed.
5   Plaintiff also claims that he did not receive thermal underwear that arrived in his
6   quarterly package. Plaintiff has not linked any particular defendant to this claim.
7   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>
13  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362
14  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
15  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
16  omits to perform an act which he is legally required to do that causes the deprivation of which
17  complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
18  Moreover, supervisory personnel are generally not liable under § 1983 for the
19  actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named
20  defendant holds a supervisorial position, the causal link between him and the claimed
21  constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862
22  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S.
23  941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
24  in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th
25  Cir. 1982).
26  /////

1  Because plaintiff has not linked any particular defendant to this claim, it is
2  dismissed.
3  In addition, the United States Supreme Court has held that "an unauthorized
4  intentional deprivation of property by a state employee does not constitute a violation of the
5  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
6  meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517,
7  533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only
8  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.
9  An authorized deprivation is one carried out pursuant to established state procedures, regulations,
10 or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City
11 of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
12 Plaintiff does not allege why he did not receive the thermal underwear. If the
13 deprivation was not authorized, plaintiff most likely has not stated a colorable claim for relief.
14 Accordingly, this claim is dismissed with leave to amend so that plaintiff may clarify this matter.
15 Plaintiff has not linked any of the other named defendants to the alleged
16 deprivations. If plaintiff files a second amended complaint, he must link each named defendant
17 to an alleged deprivation.
18 Accordingly, IT IS HEREBY ORDERED that all of the claims contained in the
19 amended complaint, but for the claim regarding withdrawal of funds from his trust fund against
20 defendant Keating, are dismissed; plaintiff is granted twenty days to file a second amended
21 complaint; if plaintiff does not file a second amended complaint within this time, the court will
22 order service of defendant Keating.
23 DATED:  6/26/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

25 arm1447.ame