IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

        Plaintiff,                  No. CIV S-06-1447 LKK GGH P

    vs.

SHASTA COUNTY PROBATION, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's summary judgment motion filed February 7, 2008. On March 3, 2008, plaintiff an opposition requesting additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f). On April 23, 2008, the court found that plaintiff's request to conduct additional discovery was not well supported. The court granted plaintiff thirty days to file a supplemental opposition to defendant's motion. On June 5, 2008, plaintiff filed a statement of disputed facts which the court construes as his opposition.

        After carefully considering the record, the court recommends that defendant's summary judgment motion be granted.

/////

II. Summary Judgment Standards Under Fed. Rule 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its

1  contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11,
2  106 S. Ct. at 1356 n. 11.  The opposing party must demonstrate that the fact in contention is
3  material, i.e., a fact that might affect the outcome of the suit under the governing law, see
4  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.
5  Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
6  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
7  nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

8        In the endeavor to establish the existence of a factual dispute, the opposing party
9  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
10 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
11 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
12 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
13 genuine need for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P.
14 56(e) advisory committee's note on 1963 amendments).

15       In resolving the summary judgment motion, the court examines the pleadings,
16 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
17 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
18 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
19 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct.
20 at 1356.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
21 obligation to produce a factual predicate from which the inference may be drawn.  See Richards
22 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
23 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
24 simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
25 taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
26 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On October 19, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

III. Discussion

This action is proceeding on the amended complaint filed May 4, 2007, as to plaintiff's claim that defendant Keating improperly withdrew money from plaintiff's trust account to pay for restitution in connection with his criminal case. Plaintiff alleges that because the victim did not file an application for restitution, defendant should not have withdrawn the money. Plaintiff also argues that exempted funds were improperly withdrawn from his trust account. On September 12, 2007, the other claims contained in the second amended complaint were dismissed.

It is undisputed that on November 21, 2005, plaintiff was ordered to pay a restitution fine of $7200 per Cal. Penal Code § 1202.4(b) and Cal. Penal Code § 2085.5 Defendant's Exhibit A.[1]

Defendant argues that withdrawal of restitution funds from plaintiff's trust account is not contingent upon the crime victim's request. Defendant cites Cal. Penal Code § 1202.4(b) which provides that "[u]pon a person being convicted of any crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464."

The other California Penal Code section cited plaintiff's in restitution order, § 2085.5, provides, in relevant part,

> (a) In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to

---

[1] Plaintiff may be disputing that he was ordered to pay restitution. However, plaintiff has presented no evidence in support of this contention. For this reason, the court finds defendant's evidence that plaintiff was required to pay a $7200 restitution fine to be undisputed.

4

1  September 28, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund in the State Treasury.  Any amount so deducted shall be credited against the amount owing on the fine.  The sentencing court shall be provided a record of the payments.

(b) In any case in which a prisoner owes a restitution order imposed pursuant to subdivision (c) of Section 13967 of the Government Code, as operative prior to September 28, 1994, subdivision (h) of Section 730.6 of the Welfare and Institutions Code, or subdivision (f) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law.  The secretary shall transfer that amount to the California Victim Compensation and Government Claims Board for direct payment to the victim, or payment shall be made to the Restitution Fund to the extent the victim has received assistance pursuant to that program.  The sentencing court shall be provided a record of the payments made to victims and of the payments deposited to the Restitution Fund pursuant to this subdivision.

Cal. Penal Code § 2085.5.

Until 2006, § 2085.5(b) stated,

(b) In any case in which a prisoner owes a restitution order imposed pursuant to subdivision (c) of Section 13967 of the Government Code, as operative prior to September 28, 1994, subdivision (h) Section 730.6 of the Welfare and Institutions Code, or subdivision (f) of Section 1202.4, the Director of Corrections shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoners, unless prohibited by federal law.  If the restitution is owed to a person who has filed an application with the Victim Compensation Program, the director shall transfer that amount to the California Victim Compensation and Government Claims Board for direct payment to the victim, or payment shall be made to the Restitution Fund to the extent that the victim has receive assistance pursuant to that program. *No deductions shall be made on behalf of victims who have not filed an application with the Victim Compensation Program*.  The sentencing court shall be provided a record of the payments made to the victims and of the payments deposited to the Restitution Fund pursuant to this subdivision.

Assuming that plaintiff owed restitution pursuant to § 2085.5(b), the language in this section providing that no deductions shall be made on behalf of victims who have not filed

5

1  applications with the Victim Compensation Program was repealed in 2006.  Section 2085.5(b) no
2  longer requires that victims make applications with the Victim Compensation Program before
3  deductions are made from prisoner trust funds.
4         In his statement of disputed facts, plaintiff states that "to his knowledge," the
5  victim has filed no application with the Victim Compensation Program.  Even if former §
6  2085.5(b) were applicable, plaintiff has provided no evidence that the victim made no application
7  to the Victim Compensation Program.
8         Because victims are no longer required to make applications to the Victim
9  Compensation Fund before deductions may be made, defendant should be granted summary
10  judgment.
11         Defendant also moves for summary judgment on grounds that he had no access to
12  plaintiff's trust account.  In support of this contention, defendant refers to his declaration
13  attached to the summary judgment motion as exhibit B in which he states that he has been a
14  Correctional Sergeant at High Desert State Prison since June 2004.  Keating declaration, ¶ 1.  As
15  a Correctional Sergeant his duties include making sure that order, discipline and established
16  procedures are maintained at the High Desert State Prison mailroom.  Id., ¶ 2.  Toward that end,
17  defendant Keating 1) supervises the recording and distribution of all inmate incoming mail; and
18  2) assures that incoming money orders or checks are recorded and forwarded to the accounting
19  office, and that a receipt for that amount is processed and provided to the inmate.  Id.
20         Defendant has also presented the declaration of J. Brown, the Accounting Officer
21  at High Desert State Prison.  Defendant's Exhibit C.  J. Brown states that defendant Keating has
22  no authority or the ability to acquire any High Desert State Prison account records, security
23  codes, or other data that would permit him to gain access to an inmate's trust account to
24  withdraw funds or for any other reason.  Defendant's Exhibit C, ¶ 4.
25         Plaintiff has presented no evidence demonstrating that defendant Keating's duties
26  involve withdrawing money from his trust fund.  Accordingly, defendant Keating should be

granted summary judgment because plaintiff has presented no evidence disputing defendant's evidence that he had no access to plaintiff's trust account.

As to plaintiff's claim that exempted funds were improperly withdrawn from his trust account, Cal. Code Regs. tit. 15, § 3097 describes the money in prisoner trust accounts exempt from withdrawal for payment of restitution:

> Joint Venture Program deposits, funds designated to pay the costs of a family visit ("family visit funds"), Temporary Community Leave funds, federal disability payments, veteran benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt from deductions for fines and direct orders of restitution enumerated in subsections (a), (b), (c), (d), (e), and (f).

Cal. Code Regs. tit. 15, § 3097(j).

In support of his summary judgment motion, defendant has provided the declaration of S. Cooper, an Account Technician at High Desert State Prison. Defendant's Exhibit D. S. Cooper states that his duties include maintaining current, verified records of all incoming funds which have been identified as exempt pursuant to Cal. Code Reg. tit. 15, § 3097(j), that have been earmarked for deposit into prison inmate trust accounts. Defendant's Exhibit D, § 2. S. Cooper states that he conducted a thorough search of High Desert State Prison records to determine if plaintiff has had any funds designated as exempt pursuant to § 3097 deposited into or withdrawn from his trust account from January 2006 through the present. Id., ¶ 3. S. Cooper found that no exempt funds were in plaintiff's trust account when he transferred to High Desert State Prison in January 2006. Id., ¶ 4. In addition, no exempt funds have been deposited into plaintiff's trust account during his incarceration at High Desert State Prison. Id. Consequently, no funds designated as exempt have been withdrawn from plaintiff's trust account since he was transferred to the facility in January 2006.

Plaintiff has presented no evidence supporting his claim that exempt funds were improperly withdrawn. Accordingly, because plaintiff has not disputed defendant's evidence that no exempt funds were withdrawn, defendant should be granted summary judgment as to this

claim.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's February 7, 2008, summary judgment motion be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/26/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

arm1447.57